DREW, Justice
(dissenting).
In my judgment it is neither logical nor reasonable to believe that claimant was “continuously disabled” for a period of two years during which he neither sought nor obtained medical attention of any nature whatever. His statement that he was financially unable to afford a doctor during those years when he admitted that he and his wife had a joint income of about $400 per month doesn’t impress me and obviously wasn’t accepted by the Judge of Industrial Claims. He said the only medication he had was aspirin and darvon during this period. These facts and the fact that he had travelled to West Virginia and back in a car — driving part of the time — had hunt *394 ed and fished on occasions, and participated in other activities during the two years certainly constituted “competent, substantial evidence” to support the findings of the Judge of Industrial Claims, which finding was affirmed by the Full Commission.
Moreover, here again,[1] I think we are departing from the long accepted rule that medical evidence must be based on “reasonable medical certainty.” Dr. Farrar’s evidence in this case — as related in the majority opinion — simply does not attain this status. It is speculative and is based on unreliable probabilities, not reasonable medical certainty.
I would deny certiorari.

. See my dissent in Walker v. McDonnell Aircraft Corp., Fla., 231 So.2d 210, Opinion filed January 21, 1970.